Michel THOMAS, Plaintiff—Appellant,

v.

LOS ANGELES TIMES COMMUNICA-
TIONS LLC, a Delaware limited lia-
bility company; Roy Rivenburg, an
individual; Tribune Company, a Dela-
ware Corporation, Defendants—Ap-
pellees.

No. 02–55343.
D.C. No. CV–01–08684–ABC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2002.

Decided Sept. 6, 2002.

Before REINHARDT, TROTT and
TASHIMA, Circuit Judges.

MEMORANDUM *

Michel Thomas appeals the dismissal of
his action for defamation against the Los

---

* This disposition is not appropriate for publica-    tion and may not be cited to or by the courts

Angeles Times and a Times reporter, Roy Rivenburg. The Times published an article, written by Rivenburg, about Thomas's remarkable life story. Thomas contends that the human-interest story, which was entitled "Larger Than Life," and was published on the first page of the Southern California Living section, gave rise to two defamatory implications: first, that he lied about some of his exploits during and following World War II, and second, that his language instruction program is a sham.

■ The district court granted the defendants' motion to strike the complaint pursuant to California's anti-SLAPP statute. Cal. Civ. P.Code § 425.16.[1] That statute provides that a defendant may make a special, expedited motion to strike in cases involving the defendant's rights to free speech or to petition for redress of grievances. In order to prevail against such a motion, a plaintiff must demonstrate, using admissible evidence, that he has a probability of success on the merits of the suit. *Id.* § 425.16(b)(1). We review the district court's ruling *de novo,* and affirm.

■ The district court correctly determined that Thomas was not likely to prevail on his claim that he was defamed by the Times article. Thomas alleges defamation by implication; accordingly, under our precedent he must prove not only that the article gives rise to a defamatory implication, but that the author "intended to convey the defamatory implication." *Dodds v. Am. Broad. Co.,* 145 F.3d 1053, 1064 (9th Cir.1998). He fails to meet even his first burden; the article gives rise to neither of the alleged defamatory implications.[2] Moreover, even if he had met that burden, Thomas does not show that he has a probability of establishing that the author intended such defamatory implications.

As to the first allegedly defamatory implication, that Thomas lied about his past, it is true that the article sets forth conflicting factual accounts of historical events. It cannot, however, fairly be read as defamatory. The article does not accuse Thomas of intentionally misstating the truth, but instead contains the views of others that in some respects conflict with some of Thomas's public statements that were contained in his authorized biography. Moreover, the article does not challenge the principal claims made by Thomas, but rather permits the reader to draw his own conclusions regarding some of the relatively minor details. *See Partington v. Bugliosi,* 56 F.3d 1147, 1152 n. 9 (9th Cir.1995) (citing with approval *Chapin v. Knight-Ridder, Inc.,* 993 F.2d 1087, 1094 (4th Cir.1993), which held that a publication offering alternative versions of facts

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The defendants removed this case from California Superior Court on the basis of diversity jurisdiction. Accordingly, California procedural rules apply to the extent that they do not conflict with the Federal Rules of Civil Procedure. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 749–50, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). We have previously held that the special motion to strike provided for by the anti-SLAPP statute may be made in cases removed from the California courts. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 968 (9th Cir.1999). Thom-

as does not contest the applicability of the anti-SLAPP statute to this action.

2. A number of jurisdictions have held that public figures cannot bring defamation-by-implication claims. *See, e.g., Fitzgerald v. Tucker,* 737 So.2d 706, 717 (La.1999); *Strada v. Connecticut Newspapers, Inc.,* 193 Conn. 313, 477 A.2d 1005, 1010 (1984). We need not decide whether, under California law, defamation-by-implication claims can be brought by public figures, because even if they can be, Thomas, who does not dispute his status as a public figure, has failed to meet his burden of proof.

does not give rise to a defamatory implication); *see also Chapin*, 993 F.2d at 1094 ("[I]nquiry itself, however embarrassing or unpleasant to its subject, is not accusation."); *Phantom Touring, Inc. v. Affiliated Publ'n.*, 953 F.2d 724, 731 (1st Cir.1992) (holding that no defamatory implication existed because "the author's readers implicitly were invited to draw their own conclusions from the mixed information provided").

■ Further, as the district court correctly held, Thomas is a limited-purpose public figure for the purpose of defamation analysis, because by authorizing a biography and soliciting press coverage of that work, Thomas "invited attention and comment." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). The validity of Thomas's admittedly extraordinary claims regarding his World War II-era exploits are thus particularly appropriate material for close examination and fair comment by the press. Such an analysis, if it contains opinions from a variety of sources, need not contain all the favorable material supplied by the subject of the article. Again, it is significant that the challenged article makes it plain that the reader should draw his own conclusions.

With respect to the second allegedly defamatory implication, that his language instruction program is bogus, Thomas shows even less likelihood of prevailing on the merits. Indeed, to the extent that the article discusses the language program at all, it primarily contains testimonials praising the efficacy of his teaching methods. It cites several of his celebrity clients and two prominent educators, all of whom speak in glowing terms about Thomas and his methods of instruction. The article

notes that nobody else can replicate Thomas's instruction techniques, but cannot reasonably be read to suggest that Thomas's language school is a fraud.

The district court was thus correct to grant defendant's anti-SLAPP motion to strike Thomas's complaint.

AFFIRMED.